Caria, per
Frost, J.
Only two questions of law are presented by the grounds of appeal in this case, and since the decision of the court results in a new trial, it is unnecessary to express any opinion on those grounds which involve the sufficiency of proof.
*688 The .sixth ground is, that the defendant is guilty of fraud, in not having inserted in his schedule a contingent interest in remainder in the slaves, Caleb, Hiram and Ellen, to which he was entitled under the second clause of the will of Obadiah Spears. The clause referred to bequeaths the negroes to the defendant, Joshua A. Spears, his executors, <fce. in trust to manage the said slaves, and pay over to testator’s son Henry, the profits of their labor; or if, in his opinion, advantageous to Henry, to permit Henry to receive the profits, or have the use of said slaves during his natural life; and after the death of Henry, the said negroes and their increase to be equally divided between such child or children as he may leave alive at his death; but should Henry die without leaving any child or children alive at his death, the said negroes and their increase, to be equally divided between testator’s other children, or the survivors of them. The defendant is a son of the testator, who also left other children.
Contingent interests, by executory devise or remainder, whether in real or personal property, are transmissible to the representatives of the legatee or devisee, and will vest in such representatives when the contingency does happen. Fearne Rem. 552. They are devisable, (Jones vs. Roe, 3 D. &. E. 95,) and assignable in equity. Fearne Rem. 548. The case of Jones vs. /toe, affords authority to affirm that such interests are assignable at law ; but that was not the point decided. It is not, however, necessary for the decision of this case, to establish a common law power to assign a contingent interest in real or personal property. The Act of 1788 provides, that any prisoner, confined on mesne process, shall have liberty to render a schedule of his or her “whole estate,” or so much thereof as will pay and satisfy the sum for which he is confined; and if no cause be shewn against his discharge, the Judge or Commissioner shall order an assignment of the prisoner’s “estate and effects mentioned in the schedule,” to be made to the plaintiff; whereupon, the creditor shall take possession, and if necessary, sue in his own name for the recovery thereof. The property mentioned in the schedule, must be visible preperty, if the prisoner is possessed of any such, but if not, choses in action must be mentis *689 (as more readily convertible into money, and more beneficial to the creditor;) and if the property mentioned in the schedule should prove deficient, “any other property the prisoner may have,’’shall be liable for the demand for which he is confined. The 10th sec. provides, that if any person shall deliver in a “false schedule of his effects,” he shall suffer the penalties of perjury, and be disabled from taking the benefit of the Act thereafter. The terms “whole estate,” “property” and “effects,” are as comprehensive terms as can be used. In a residuary bequest, they would certainly pass a contingent interest. Words should be construed as liberally to effect the intention of the Legislature, as of a testator. The intention and policy of the Legislature seems very clear, that a debtor shall not be discharged of his debt, or from any process for its recovery, except by a transfer to his creditors of all his available means. By the insolvent debtor’s Act, which is construed in pari materia with the prison bounds Act, only wearing apparel, tools, and necessary bedding for his family, can be retained by the debtor, with the assent of the Judge. Under a power to the Commissioner in Bankruptcy, over all such interest in lands “as the bankrupt may lawfully depart withal,” it has been determined that a contingent interest is assignable. Eden on Bank. 227 ; 3 Pr. Wms. 132. The objection that a contingent interest is not assignable at law, seems particularly applicable to this case, and yet the intention and policy of the Act prevailed over the objection. If, then, the terms of the Act include a contingent remainder, and require such an interest to be included in the schedule, it is assignable by forcé of the Act, which directs all the property, estate and effects, mentioned in the schedule, or so much thereof as may be necessary, to be assigned by the petitioner to the creditor, who is empowered to sue therefor in his own name. A contingent remainder is included in the description of estate, property and effects, and the omission to include such an interest in the prisoner’s schedule, is within the penalties of the Act. For error in the judgment of the Commissioner on this point, a new trial must be granted.
The l.st ground of appeal presents the question of the competency. of the judgment creditor of a petitioner for *690 the prison bounds Act, as a witness in behalf of the actors in the suggestion of fraud. In 2 Stark. Ev. 744, the rule is stated to be, “that the interest to disqualify, must be some certain legal and immediate interest, however minute, in the result of the cause, or in the record, as an instrument of evidenceand at page 747, it is added, “ a witness is also interested, if the record would be the instrument of securing to him some advantage, or repelling some charge or claim upon him, in a future proceeding.” In Jones vs. McNeil, 2 Bail. 472, the rules cited from Starkie are quoted and expressly recognized, and the question of competency, in that case, decided on the ground of the witness’s interest in the record as an instrument of evidence. Forretier vs. The attaching creditors of Guerrineau, 1 M’C. 304, was an issue to try the truth of a return, in which the garnishee, claiming, as his own property, certain goods attached and seized by the sheriff, was the plaintiff, and the attaching creditors defendants. It was decided that one of the original defendants, an attaching creditor, was not a competent witness, even though he had assigned his judgment against the absent debtor to a third person, and had taken a release from the assignee of all reclamation, and his name had been struck from the record. Nott, J. concludes the judgment of the court, by defining “the true test of interest to be, whether the judgment in the case in which the party is called to testify, can be given in evidénce for or against him in another case.” In this case, the record of conviction of the defendant, would be evidence for the witnesses, on the arrest of the defendant at their suit, and his application for a discharge under either of the insolvent Acts. The probability or improbability of the occasion arising from the use of the record, as evidence, or the minuteness of the interest to be served by the use of it, does not affect the question of competency. But that á creditor will pursue all means for the recovery of his judgment, is not liable to the objection of being a remote contingency ; nor the interest which he has in the use of the process against the person of his debtor, as a means of coercing satisfaction, too minute to be recognized by the law. In the present state of society, when so large an amount of property consists in securities which cannot *691 be reached by a ft. fa. and are, by so many means, easily secreted from the demands of creditors, a ca. sa. by which, under pain of imprisonment, a fraudulent debtor may be compelled to make a full disclosure and surrender of all his effects for the satisfaction of his debts, is an indispensible process for the recovery of them. The value and importance of a conviction of fraud to creditors, by giving greater efficacy to this process, as a means of coercing payment from the debtor, or from the sympathy of his friends, is practically illustrated by the zeal and activity with which a suggestion of fraud is prosecuted. A dispensation in favor of the creditor from the operation of the laws enacted for the relief and discharge of the debtor, perpetuating the creditor’s claim, and giving him an unlimited power over the liberty of the debtor, is such an interest in a record, as an instrument of evidence for that purpose in favor of the creditor, as the law will recognize, to render him an incompetent witness in the issue. The judgment of the Commissioner, on this point, is affirmed.
O’JNTeall, Evans and Butler, JJ. concurred.
Wardlaw, J.
I assent to the new trial, but dissent from the opinion expressed as to the competency of witnesses.